## In re HERITAGE BONDS LITIGATION.

### No. 1475.

Judicial Panel on Multidistrict Litigation.

Aug. 12, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation consists of the five actions listed on the attached Schedule A and pending in two districts as follows: four actions in the Central District of California and one action in the Northern District of Illinois. Now before the Panel is a motion, pursuant to 28 U.S.C. § 1407, for centralization of the five actions in the Central District of California for coordinated or consolidated pretrial proceedings. The movants are i) U.S. Trust Co. of Texas, N.A. (USTT), which is plaintiff in one California action, a defendant in the three remaining California actions, and the sole defendant in the Illinois action; and ii) U.S. Trust Corp., which is USTT's parent and a codefendant with USTT in the three California actions in which USTT is sued. The only party to respond to the Section 1407 motion is the plaintiff in the Illinois action, who opposes transfer.

* Judge Sear took no part in the decision of this matter.

On the basis of the papers filed and hearing session held, the Panel finds that the five actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions relate, inter alia, to USTT's role as bond trustee for one or more of eleven bond offerings (the "Heritage Bonds") variously issued for the benefit of seven affiliated obligors. The Heritage Bonds are now in default, and central to each of the MDL–1475 actions is the question of responsibility for losses arising as a result of those defaults. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing transfer the Illinois plaintiff urges that i) the California actions involve additional parties and claims not relevant to the straightforward Illinois action, and ii) with respect to any common questions that may exist, the interests behind Section 1407 can be better accommodated through voluntary efforts occurring in lieu of transfer. We are not persuaded by these contentions. We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. While we applaud the Illinois plaintiff's spirit of cooperation, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity occurring in other actions. Furthermore, we note that transfer under Section 1407 also has the streamlining effect of fostering a pre-trial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with remaining discovery on common issues, *In re Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (Jud.Pan.Mult.Lit.1976); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. As Section 1407 proceedings evolve in the transferee district, the Illinois plaintiff may at some point wish to renew his argument that the uniqueness or simplicity of his situation and claims renders inclusion of his action in MDL–1475 unnecessary or inadvisable. We point out that he remains free to approach the transferee judge for a suggestion of remand, and that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001).

In concluding that the Central District of California is the appropriate forum for this docket, we note that i) four of the five constituent actions are already pending there (including one action itself previously transferred to the California forum from the Northern District of Texas pursuant to 28 U.S.C. § 1404); ii) because the entities that issued the Heritage Bonds are located in California, many of the parties, witnesses and relevant documents are, or are expected to be, found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action on the attached Schedule A and pending in the Northern District of Illinois is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Dickran M. Tevrizian, Jr., for coordinated or consolidated pretrial proceedings with the actions pend-

ing in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1475—In re Heritage Bonds Litigation*

*Central District of California*

*Betker Partners One, LP, et al. v. U.S. Trust Corp., N.A., et al.,* C.A. No. 2:01–5752

*Gilbert Kivenson v. U.S. Trust Corp., N.A., et al.,* C.A. No. 2:02–382

*Howard Preston, et al. v. U.S. Trust Corp., N.A., et al.,* C.A. No. 2:02–993

*U.S. Trust Co. of Texas, N.A. v. O.V. Bertolini, et al.,* C.A. No. 2:02–2745

*Northern District of Illinois*

*Phillip L. Stern, etc. v. U.S. Trust Co. of Texas, N.A.,* C.A. No. 1:01–9078